UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES WESOLOWSKI,

               Petitioner,          **DECISION AND ORDER**

    -vs-                     **No. 11-CV-0716(JJM)**

P. GONYEA, Superintendent,
Mohawk Correctional Facility,

               Respondent.

---

     Pro se petitioner James Wesolowski ("Petitioner" or "Wesolowski") has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is being held in state custody in violation of his federal constitutional rights. Petitioner currently is incarcerated at Mohawk Correctional Facility as the result of a judgment entered September 16, 2008, in Allegany County Court of New York State revoking his probationary status and imposing a determinate sentence of five years imprisonment along with three years of post-release supervision. Wesolowski's underlying judgment of conviction was entered on August 31, 2006, in Allegany County Court, following a guilty plea to Sexual Abuse in the First Degree (N.Y. Penal Law § 130.65(3)), for which he was sentenced to ten years probation. Petitioner now challenges the revocation of his probation, but not his underlying conviction.

-1-

## II.   Factual Background and Procedural History

By Violation of Probation Application, dated May 16, 2008, the Allegany Probation Department alleged that Wesolowski had violated the conditions of his probation by (1) failing to report to three group sessions in the Probation Department's Sex Offender Treatment Program on December 26, 2007; January 9, 2008; and January 16, 2008, resulting in his discharge from the program for failure to comply with treatment; (2) failing to report to scheduled probation appointments on February 27, 2008; and April 4, 2008; and (3) violating his 9:00 p.m. curfew by not being home when a probation officer visited on April 17, 2008, at 10:15 p.m.

On July 11, 2008, the County Court held a violation of probation hearing. Robert Starks ("Starks"), the Supervisor of the Allegany County of Probation, testified in support of the Violation of Probation Application. Starks was familiar with Petitioner, having supervised him for almost two years. Starks also served as co-facilitator of the Sex Offender Treatment Program group to which Petitioner had been assigned. Petitioner signed a contract when he entered the Treatment Program which required all participants to attend their group session every week, unless they were incarcerated or in the hospital. Individuals who had three unexcused absences within a year's period were subject to dismissal.

-2-

Starks testified that Petitioner entered the group in November or December 2007, but his attendance was not regular. Within the first four to five weeks of the program, Petitioner missed three of the scheduled groups and was notified that he was dismissed from the program.

In addition to missing three group sessions, Petitioner failed to report to two scheduled Probation Department appointments. The first missed appointment was on February 27, 2008. When Petitioner called the next day, he simply left a voice mail message for Starks, claiming that his truck was in the shop and that his telephone had "died". A.23-24.[1] Starks stated that he "had [his] doubts" about this explanation. A.24-25. On April 4, 2008, Petitioner again failed to appear for a scheduled appointment. Although Starks acknowledged that it was possible that Petitioner had called him regarding that missed appointment, his case notes did not reflect such a call.

The third infraction was Petitioner's failure to abide by his 9:00 p.m. curfew. On April 17, 2008, between 10:00 and 10:30 p.m., Starks stopped by Petitioner's home and found that all the lights were off. Starks knocked on the door loudly, but there did not

---

[1]

Exhibit A is the Record on Appeal filed in the Appellate Division on direct appeal, which includes the probation revocation hearing and sentencing transcripts. Citations to "A. ___" refer to pages in the Record on Appeal.

appear to be any activity in the house, and no one answered the door. Accordingly, Starks concluded, Petitioner was not at home.

On July 9, 2008, two days before Petitioner's violation of probation hearing, Starks received a telephone call from a woman who stated that Petitioner had been dating her daughter, that her daughter had broken up with Petitioner, and that Petitioner had been calling her home leaving and threatening messages. When Starks followed up with the woman's daughter, she stated that Petitioner had been to her home in Pennsylvania.

Petitioner presented no evidence at the hearing.

At the conclusion of the hearing, the hearing court found that Starks' testimony had established, by a fair preponderance of the evidence, that Petitioner had committed three violations of the conditions of his probation, as alleged in the Violation of Probation Application. The hearing court ordered an updated probation report and adjourned the matter until September 16, 2008, for sentencing.

Based upon Petitioner's current and previous parole violations, the hearing court concluded that Petitioner's participation in community-based treatment and his return to probation were inappropriate. Accordingly, the court entered a judgment of conviction sentencing Petitioner to a determinate term of five years in prison, plus three years post-release supervision.

-4-

Represented by counsel, Petitioner appealed to the Appellate Division, Fourth Department, of New York State Supreme Court, arguing that (1) there was insufficient evidence to support the probation violation; and (2) his sentence was harsh and excessive. Neither the Probation Department nor the Allegany County District Attorney's Office filed an appearance or a brief in the Appellate Division.

In a summary order dated February 11, 2010, the Appellate Division unanimously affirmed the hearing court's judgment. People v. Wesolowski, 70 A.D.3d 1302 (Table) (4th Dept. 2010). Petitioner filed a pro se application for leave to appeal to the New York Court of Appeals, contending that (1) there was insufficient evidence to support the probation violation; (2) his sentence was excessive; (3) he was denied his right to confront and cross-examine the witnesses against him at the probation violation hearing; and (4) he was denied his right to a neutral, detached, impartial decision maker. On May 11, 2011, leave was denied. People v. Wesolowski, 16 N.Y.3d 900 (2011).

In an undated and unsigned petition, received by this Court on August 26, 2011, Petitioner asserts all of the arguments raised before the Appellate Division and the New York Court of Appeals. Respondent answered the petition, interposing the affirmative defense of non-exhaustion as to certain claims and arguing, in the

alternative, that none of the claims warrant habeas relief. Petitioner did not submit a traverse.

For the reasons that follow, Wesolowksi's request for a writ of habeas corpus is denied, and the petition is dismissed.

## III. **Exhaustion**

A habeas court may not consider the merits of a claim unless it was fairly presented in federal constitutional terms to the "highest state court from which a decision can be had." Daye v. Attorney Gen'l of N.Y., 696 F.2d 186, 190 n.3 (2d Cir. 1982) (en banc). A petitioner may apprise the state courts of the constitutional nature of his claims by explicitly arguing that a federal constitutional right was violated, either by citing to the Constitution, or by relying on pertinent federal cases employing a constitutional analysis, relying on state cases employing a constitutional analysis in like fact situations, asserting the claim in terms that call to mind a specific right protected by the Constitution, and alleging a fact-pattern well within the mainstream of constitutional litigation. Smith v. Duncan, 411 F.3d 340, 348 (2d Cir. 2005) (citing Daye, 696 F.2d at 194).

Respondent concedes that Petitioner has exhausted his legal insufficiency claim by alleging a "pattern of facts that is well within the mainstream of constitutional litigation." Smith v. Duncan, 411 F.3d at 348 (citation omitted); see also Black v. Romano, 471 U.S. 606, 615-616 (1985) ("The Due Process Clause of

-6-

the Fourteenth Amendment imposes procedural and substantive limits on the revocation of the conditional liberty created by probation."). When the Appellate Division rejected this claim, Petitioner reasserted it in his application for leave to appeal, citing the Fourteenth Amendment's due process clause.

However, Respondent argues, the excessive sentence claim is unexhausted because it was not presented to the Appellate Division inasmuch as Petitioner's brief argued solely that the court should exercise its statutory authority to reduce his sentence in the "interest of justice". See N.Y. Crim. Proc. Law §§ 470.15(2)(c), 470.15(6)(b). Reliance on the state court's discretionary authority to reduce sentences did not fairly present his constitutional claim in state court. Accord, e.g., Bester v. Conway, 778 F. Supp. 2d 339, 348 (W.D.N.Y. 2011). Respondent argues that this claim must be deemed exhausted but procedurally defaulted. The Court instead approaches the analysis from the standpoint that the harsh and excessive claim relies upon a state court's discretionary authority conferred by state statute, and as such, it can never be raised in federal constitutional terms. Consequently, it is not cognizable, as discussed further, infra.

Respondent further asserts the defense of non-exhaustion as to Petitioner's claims that he was denied his right to confront and cross-examine the witnesses against him at the probation violation hearing and that he was denied his right to a neutral, detached,

-7-

impartial decision-maker. Although Petitioner raised these claims in his pro se application for leave to appeal, neither he nor appellate counsel raised them before the Appellate Division. The habeas statute's exhaustion requirement is not satisfied by asserting claims for the first time in an application for discretionary review which is rejected by the state appellate court. See Lurie v. Wittner, 228 F.3d 113, 124 (2d Cir. 2000) ("Presenting a claim for the first time to a state court of discretionary review is insufficient to exhaust the claim unless the court considers it.") (citing Castille v. Peoples, 489 U.S. 346, 351 (1989)).

The Court agrees with Respondent that these two claims must be deemed exhausted but procedurally defaulted because they now are procedurally barred from presentation to a state court. See Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991) ("For exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.'") (quoting Harris v. Reed, 489 U.S. 255, 263 n. 9 (1989)). First, Wesolowski has already completed his direct appeal. By statute, New York law used to specifically provide for only a single application for direct review. Spence v. Superintendent, Great Meadow Corr. Fac., 219 F.3d 162, 170 (2d Cir. 2000) (relying on former New York Rules for the Court of Appeals § 500.10(a) (discussing leave applications for

criminal appeals)). Section 500.10 has since been amended, and criminal leave applications are now addressed in N.Y. R. Ct. § 500.20. Although Rule 500.20 "does not specifically state that there may be only one application for appeal, <u>see</u> N.Y. R. Ct. § 500.20, such a restriction may be inferred," since "[b]oth Rule 500.20(d) and CPL § 460.10(5) provide a 30-day window for any such application to be filed; this time limit would be meaningless were multiple applications permitted." <u>Colon v. Connell</u>, No. 07 Civ. 7169(BSJ)(JCF), 2009 WL 2002036, at *6 n. 4 (S.D.N.Y. July 9, 2009) (noting that both N.Y. R. Ct. § 500.20(d) and N.Y. Crim. Proc. Law § 460.10(5) provide a 30-day window for any such application to be filed; "this time limit would be meaningless were multiple applications permitted"); <u>accord</u>, <u>e.g.</u>, <u>Cunningham v. Conway</u>, 717 F. Supp.2d 339, 365 (W.D.N.Y. 2010) (collecting cases). In addition, Section 500.20(a)(2) provides that the leave letter must indicate that "that no application for the same relief has been addressed to a justice of the Appellate Division, as only one application is available[.]" N.Y. R. Ct. § 500.20(a)(2).

Collateral review of Wesolowski's confrontation clause claim and impartial adjudicator claim is also barred because "sufficient facts appear on the record of the proceedings underlying the judgment" to have permitted him to raise the claims on direct appeal. <u>See</u> N.Y. Crim. Proc. Law § 440.10(2)(c) (mandating that court dismiss motion to vacate if sufficient facts appeared on the

record to have permitted direct review but defendant unjustifiably failed to raise claim on direct appeal). Because a state court would find Wesolowski's unexhausted claims procedurally barred from state review, they are deemed exhausted. Grey, 933 F.2d at 120-21. However, the bar that results in the constructive exhaustion of the claim also creates a procedural default. Id.

Federal courts may not review procedurally barred claims unless the petitioner can show both cause for the default and prejudice resulting therefrom, or that a fundamental miscarriage of justice would occur if the federal court declines to review the habeas claim. Coleman v. Thompson, 501 U.S. 722, 749-50 (1991). Here, Wesolowski has not suggested any circumstance that would constitute cause for the default. Thus, there is no need to analyze whether prejudice resulted. Stepney v. Lopes, 760 F.2d 40, 45 (2d Cir. 1985). The "fundamental miscarriage of justice" exception requires a showing of actual innocence, and Wesolowski has not presented any new evidence suggesting that he could meet this standard. Murray v. Carrier, 477 U.S. 478, 496 (1986). As a result, the confrontation clause claim and the impartial adjudicator claim are dismissed as procedurally barred from habeas review.

**IV.  Analysis of the Petition**

    **A.    General Legal Principles**

As an initial matter, the Court notes that an application for a writ of habeas corpus in behalf of a person in custody pursuant

to the judgment of a State court may be entertained "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Rather, a petitioner must demonstrate that his conviction resulted from a state court decision that violated federal law. See id. at 68.

Here, the Appellate Division's summary denial of Wesolowski's claims on appeal constitutes an adjudication on the merits for purposes of 28 U.S.C. § 2254(d). See Sellan v. Kuhlman, 261 F.3d 303, 314 (2d Cir. 2001). Habeas relief is precluded unless the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1), (2).

A probationer enjoys a liberty interest protected by due process, and there are limitations on a state's ability to revoke probation. Black v. Romano, 471 U.S. 606, 610 (1985); see also United States v. Brown, 899 F.2d 189, 193 (2d Cir. 1990). "Foremost among these is the right to a hearing at which the court determines two issues: whether the probationer violated a condition of probation as a matter of fact and, if so, whether this fact

warrants revocation." Brown, 899 F.2d at 193. The probationer also is entitled to written notice of the alleged violation, disclosure of the state's evidence, an opportunity to be heard and present evidence, a neutral hearing body, and a statement of the facts and reasons for revoking probation. Black, 471 U.S. at 612; see also Brown, 899 F.2d at 193 n. 2; Gagnon v. Scarpelli, 411 U.S. 778, 782, n. 3 (1973) (noting that probation and parole revocation proceedings are constitutionally indistinguishable; collecting cases).

**B.   Merits of the Legal Insufficiency of the Evidence Claim**

Petitioner contends that the evidence presented at his probation violation hearing was insufficient to establish his guilt under New York state law, which imposes a "preponderance of the evidence" standard. See N.Y. Crim. Proc. Law § 410.70(3); see also, e.g., People v. Donohue, 64 A.D.3d 1187, 1188 (4th Dept. 2009). As an issue of federal law, Petitioner's claim derives from the Fourteenth Amendment due process requirement that the evidence presented at trial be sufficient to convict. See Jackson v. Virginia, 443 U.S. 307 (1979); In re Winship, 397 U.S. 358 (1970). Although the Supreme Court has not specifically held that the due process clause demands sufficiency of the evidence in probation or parole violation proceedings, it suggested such a requirement in Black v. Romano, 471 U.S. at 615-16.

In that case, the Supreme Court held that the decision to revoke Romano's probation satisfied the requirements of due process, noting that, among other things, the courts below properly concluded "that there was sufficient evidence to support the state court's finding that Romano had violated the conditions of his probation." Id.; see also Douglas v. Buder, 412 U.S. 430 (1973) (per curiam) (probation revocation invalid where the record was "so totally devoid of evidentiary support [for violations] as to be invalid under the Due Process Clause of the Fourteenth Amendment") (citations omitted). In assessing the sufficiency of the evidence, the lower courts in Black v. Romano asked whether the sentencing judge had appropriately exercised his discretion in revoking the petitioner's probationary status, which required that the judge "need only 'satisfy himself that the party on probation 'abused the opportunity granted him not to be incarcerated.'" Romano v. Black, 567 F. Supp. 882, 885 (E.D. Mo. 1983) (quoting Schneider v. Housewright, 668 F.2d 366 (8th Cir. 1981)), rev'd on other grounds, 471 U.S. 606 (1985).

Although the Appellate Division did not specifically cite to any United States Supreme Court case for the standard to be applied in resolving Petitioner's claim, a state court is not required to cite Supreme Court cases or even be aware of the cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002). Given

that the Supreme Court did not disapprove of the "abuse of discretion"[2] standard in <u>Black</u>, the New York state courts' application of the more demanding "preponderance of the evidence standard"[3] was not contrary to clearly established federal law. Parenthetically, the Court notes that federal courts in this Circuit considering parole revocations on direct appeal have evaluated the sufficiency of the evidence against the preponderance of the evidence standard. <u>See</u>, <u>e.g.</u>, <u>United States v. Bentham</u>, 414 F. Supp. 2d 472, 475 (S.D.N.Y. 2006); <u>United States. v. Liu</u>, No. 03 CR. 782(LTS), 2006 WL 832460, at *4 (S.D.N.Y. March 29, 2006).

Moreover, Petitioner has failed to show that the state court's decision constituted an unreasonable application of clearly established federal law. Application of a lesser standard of proof in probation revocation proceedings as compared to a criminal prosecution is fully supported by Supreme Court precedent. <u>See</u> <u>Gagnon</u>, 411 U.S. at 782 (stating that there is no difference

---

[2]

    <u>Deep v. Coin</u>, 453 Fed. Appx. 49, *52, 2011 WL 6318024, at *81 (2d Cir. Dec. 19, 20011) (review under an abuse of discretion standard requires reversal "only where '(1) [the court's] decision rests on an error of law (such as the application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision-though not necessarily the product of a legal error or a clearly erroneous factual finding-cannot be located within the range of permissible decisions'") (quoting <u>Manley v. AmBase Corp.</u>, 337 F.3d 237, 245 (2d Cir. 2003); (internal quotation marks omitted)).

[3]

    "To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true." <u>Fischl v. Armitage</u>, 128 F.3d 50, 55 (2d Cir. 1997) (internal quotation and citations omitted); <u>accord</u> <u>Henry v. Department of Transp.</u>, 69 Fed.Appx. 478, *480, 2003 WL 21488812, at **2 (2d Cir. June 24, 2003).

relevant to the guarantee of due process between the revocation of parole and the revocation of probation); Morrissey, 408 U.S. at 480 (all of the rights due a criminal defendant are not accorded to a parolee). That the proof supporting Wesolowski's probation violations was given, in the main, by one witness, does not lessen its probative force. See United States v. Reid, 357 F.3d 574, 582 (7th Cir. 2004) ("The credited testimony of a single witness is sufficient to support factual findings by a preponderance of the evidence in sentencing. . . ."); United States v. $7,300 in U.S. Currency, No. 02 Civ. 3633(GEL), 2003 WL 21469858, at *6 (S.D.N.Y. June 27, 2003) ("[T]he testimony of a single, uncorroborated witness, if believed by the jury, can be sufficient to establish a defendant's guilt beyond a reasonable doubt, United States v. Danzey, 594 F.2d 905, 916 (2d Cir. 1979); it therefore follows that Montoya's testimony alone, if credited, would be sufficient to establish by a preponderance of the evidence that the currency represented legitimate income."); People v. Michael F., 15 A.D.3d 952, 953 (4th Dept. 2005) (testimony of defendant's counselor provided the requisite nonhearsay evidence establishing that defendant failed to comply with all rules and requirements of his sex offender treatment program in accordance with the terms and conditions of his probation).

The Court agrees with Respondent that Starks' hearing testimony established all three probation violations–i.e., the

curfew violation, the missed appointments, and the dismissal from the sex offender treatment program based on three unexcused absences–by a preponderance of the evidence. Starks' testimony is set forth, _supra_, in this Decision and Order and need not be repeated here. Petitioner was not able to impeach Starks' credibility, and the only rational inference flowing from Starks' testimony was that Petitioner violated the conditions of his probation as charged by not being at home by the time of his curfew and by missing a sufficient number of sex offender treatment program sessions so as to require his dismissal. With regard to the two missed appointments with Sparks, Petitioner only offered an excuse for the first appointment, namely, that his car was in the shop and his phone did not work. However, there is nothing in the record to substantiate his explanation for missing this appointment, such as proof that his car had in fact been in the shop, that he had no other means of travel, and that he could not access a working telephone.  With regard to the second appointment, Petitioner did not offer an excuse, and Sparks' contemporaneous notes do not reflect that he received a phone call from Petitioner. This testimony was more than sufficient to establish that it was more likely than not that Petitioner missed two scheduled appointments with his probation officer without a valid excuse. Finally, Petitioner has not demonstrated that the state court's decision was based on an unreasonable determination of the facts in

light of the evidence presented at the probation revocation hearing. Therefore, he is not entitled to habeas relief on this claim.

**B.     The Harsh and Excessive Sentence Claim**

Petitioner's contention that the state judge abused his discretion in imposing a harsh and excessive sentence is not cognizable on federal habeas relief. Where, as here, a sentence falls within the limits set by the state legislature, a prisoner's claim that his sentence is harsh and excessive does not present a basis for habeas corpus relief, as it does not present a federal constitutional question. White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) (per curiam); see also Bellavia v. Fogg, 613 F.2d 369, 373-74 n.7 (2d Cir. 1979).

Petitioner initially was convicted of Sexual Abuse in the First Degree, a Class D Violent Felony, see N.Y. Penal Law §§ 70.02(1)(c); 130.65(3). Under New York Law, the court was required to sentence petitioner to a determinate sentence ranging from two to seven years, N.Y. Penal Law § 70.02(3)(c)), as well as a term of post-release supervision ranging from three to ten years, id. § 70.45. Here, the court sentenced Petitioner to a determinate prison term of five years, to be followed by a three-year term of post-release supervision. As Petitioner's sentence was well within the statutory range-and in fact was less than the maximum permissible-there is no basis for granting habeas relief.

**V.     Conclusion**

For the foregoing reasons, the petition filed by James Wesolowski (Dkt. #1) is dismissed. Because Wesolowski has failed to make a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a)(3), that any appeal from this Decision and Order would not be taken in good faith and therefore the Court denies leave to appeal as a poor person. See Coppedge v. United States, 369 U.S. 438, 445-46 (1962).

Any application for leave to appeal in forma pauperis must be made to the Second Circuit Court of Appeals in accordance with FED. R. APP. P. 24(a)(1), (4), & (5). See id. Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action.

SO ORDERED.

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:     Rochester, New York
           June 21, 2012

-18-